**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN FYNES AND MARYANN FYNES, his spouse, | CIVIL ACTION |
| | NO. _____ |
| Plaintiffs, | |
| v. | ASBESTOS CASE |
| BAYER CROPSCIENCE, INC., f/k/a AVENTIS CROPSCIENC, USA, INC., f/k/a RHONE POULENC, INC. f/k/a UCAR CORPORATION f/k/a AMCHEM PRODUCTS, INC. f/k/a BENJAMIN FOSTER | **NOTICE OF REMOVAL BY DEFENDANTS CBS CORPORATION AND GENERAL ELECTRIC COMPANY** |
| BRAND INSULATIONS, INC. c/o CT Corporation System | |
| CARRIER CORPORATION in its own right and as successor to ICP and a/k/a United Technologies Corp. successor-in-interest to Bryant Heating c/o CT Corporation Systems | |
| CBS CORPORATION, a Delaware corporation, f/k/a VIACOM, INC, successor by merger to CBS Corp., a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORP. c/o Asbestos Litigation Support Mgr. Eckert Seamens Cherin & Mellot, LLC Case Management and Technology Ctr. | |
| CLEAVER-BROOKS, INC. c/o CSC | |
| CONWED CORPORATION c/o CT Corp Systems | |
| FLOWSERVE CORPORATION Individually and as successor to Byron Jackson Pumps, Worthington Pumps and IDP Pumps, f/k/a Ingersoll Dresser Pumps f/k/a Pacific Pumps | |

and as successor-in-interest to Durco
International, Inc., f/k/a The Duriron Co., Inc.

FOSTER WHEELER LLC (survivor to a
merger with Foster Wheeler Corporation) and
its subsidiaries
c/o United Agent Group

GARDNER DENVER, INC.
c/o CT Corporation Systems

GENERAL ELECTRIC
c/o CT Corporation Systems

GOODYEAR TIRE & RUBBER CO.
c/o Corporation Service Company

GOODYEAR CANADA, INC.

GOULDS PUMPS, INC.
c/o CT Corporation Systems

GRINNELL LLC
D/B/A GRINNELL CORPORATION
c/o CT Corporation Systems

H.B. FULLER COMPANY f/k/a AMCHEM
PRODUCTS, INC. f/k/a BENJAMIN
FOSTER

HONEYWELL INTERNATIONAL, INC.
As successor-in-interest to Allied Signal, Inc.
and Bendix Corporation
c/o Corporation Service Company

HOPEMAN BROTHERS, INC.

IMO INDUSTRIES, INC. f/k/a De Laval
Turbine, Inc.
c/o CT Corporation Systems

ITT CORPORATION
F/K/A BELL & GOSSETT
c/o CT Corporation Systems

| | |
|---|---|
| J.H. FRANCE REFRACTORIES CO.<br>The Corporation Trust Co.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY<br>c/o CT Corporation Systems<br><br>PECORA CORPORATION<br>a Pennsylvania Corporation<br><br>PFIZER, INC.<br>c/o CT Corporation Systems<br><br>SUNOCO, INC. (R&M)<br>AS SUCCESSOR TO SUN SHIP LLC,<br><br>THE NASH ENGINEERING COMPANY<br>c/o Corporation Services Company<br><br>TRANE US INC.,<br>F/K/A AMERIAN STANDARD, INC.<br>c/o Corporation Service Company<br><br>THE MARLEY-WYLAIN COMPANY<br>F/K/A WEIL MCLAIN<br>c/o CT Corp System<br><br>UNION CARBIDE CORPORATION<br>c/o CT Corporation System<br><br>WARREN PUMPS, INC.<br>c/o CT Corp.,<br><br>                Defendants. | |

**NOTICE OF REMOVAL BY DEFENDANTS**
**CBS CORPORATION AND GENEAL ELECTRIC COMPANY**

Defendants CBS Corporation ("CBS") and General Electric Company ("GE"),[1] remove the

above-styled civil action from the Court of Common Pleas of Philadelphia County, Pennsylvania,

---

[1] CBS Corporation (n/k/a Paramount Global following a corporate name change on February 16, 2022), f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc.,

asserting "federal officer" jurisdiction under 28 U.S.C. § 1442(a)(1) as one or more of the claims stated against it falls within the jurisdictional scope of that statute.  While reserving the right to respond more fully if a remand is sought by Plaintiffs, CBS and GE offer the following short and plain statement of the basis for the removal as required by 28 U.S.C. § 1446(a).

## OVERVIEW OF BASIS FOR REMOVAL

1.      As provided by § 1442(a)(1), a civil action that is commenced in a state court against, or directed to, "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed "to the district court of the United States for the district and division embracing the place wherein it is pending."  28 U.S.C. § 1442(a)(1).

2.      A notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading or, "[i]f the case stated by the initial pleading is not removable," within thirty days of the defendant's receipt of "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. § 1446(b)(3).

3.      Removal of this case is proper because one or more of the claims stated against Paramount in this case fall within the jurisdictional scope of § 1442(a)(1) and removal has been effected within thirty days after receipt by CBS and GE of a "paper from which it may first be ascertained that the case is one which is or has become removable" in conformance with § 1446(b)(3).

---

successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse").  CBS and Westinghouse are referred to herein interchangeably..

4.      On July 20, 2020, Plaintiffs filed an asbestos personal injury Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, against 29 defendants, under the caption John Fynes and Maryann Fynes *v. Bayer CropScience*, *et al.*, C.C.P. Phila., Civil Action No. 200701221, claiming defendants are liable for John Fynes' ("Mr. Fynes") alleged exposure to asbestos.  A true and correct copy of Plaintiffs' Complaint is attached as **Exhibit A**.[2]

5.      According to Plaintiffs' Complaint:

- "At all times from 1977 to 1995, [Mr. Fynes] was a member of the International Association of Heat & Frost Insulators & Asbestos Workers of America, Union Local #93."  *See* Ex. A, ¶ 27;

- "The aforementioned Local #93 maintained its principle place of business, and operated a hiring hall, in Glenolden, Pennsylvania."  *See id.*, ¶ 28; and

- Mr. Fynes "as a skilled tradesman was assigned among other places to job sites designated in the City of Philadelphia and surrounding counties." ¶ 29.

6.      CBS and GE first ascertained that this case became removable on August 11, 2022 when it received a copy of Mr. Fynes' July 25, 2022 deposition transcript.  A copy of the court reporter's transmission of the transcript is attached as **Exhibit B**.  During his July 25th deposition Mr. Fynes testified that he thinks he was exposed to asbestos from Westinghouse and GE equipment on Navy vessels, including the *USS Ponce*, *USS Forrestal*, and *USS Saratoga*, during his work as a union insulator at the Philadelphia Navy Shipyard from 1978 to 1995.

## APPLICATION OF § 1442(a)(1) IN THIS CASE

7.      Jurisdiction exists under § 1442(a)(1) whenever: the removing defendant is a "person" within the meaning of the statute; a causal nexus exists between the removing defendant's

---

[2] No order or stipulation amended the caption of the state court Complaint in this case.

actions, taken pursuant to a federal officer's directions and under color of federal office, and the Plaintiffs' claims; and the removing defendant can state a "colorable federal defense" to one or more[3] of the claims stated against it.  *See*, *e.g.*, *Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989).

8.      As corporations, CBS and GE are "persons" within the meaning of 28 U.S.C. § 1442(a)(1).  *See Zeringue v. Crane Co.*, 846 F.3d 785, 789 (5th Cir. 2017); *Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 812 (3d Cir. 2016); *Leite v. Crane Co.*, 749 F.3d 1117, 1122, n.4 (9th Cir.), *cert. denied*, 135 U.S. 361 (2014); *Ruppel*, 701 F.3d at 1181; *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135-36 (2d Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999).

9.      In all relevant aspects of its design, manufacture, and supply of turbines to the Navy for use aboard Navy vessels (including any warnings or other written materials to be furnished therewith), Westinghouse and GE were acting under the direction and control of one or more federal officers.

10.      More specifically, to the extent Plaintiffs assert that such equipment contained asbestos, the equipment was designed, manufactured, and supplied according to precise, detailed military specifications (or "MilSpecs") which were promulgated and/or heedfully approved by the Navy and which, at all times relevant to this case, specifically and expressly dictated the use of asbestos-containing materials with all Navy turbines, including any such alleged Westinghouse

---

[3] "[I]f one claim cognizable under [§ 1442(a)(1)] is present, the entire action is removed, regardless of the relationship between the [§ 1442(a)(1)] claim and the non-removable claims."  *National Audubon Soc'y v. Department of Water & Power*, 496 F. Supp. 499, 507 & 509 (E.D. Cal. 1980). *See also Ruppel v. CBS Corp.*, 701 F.3d 1176, 1182 (7th Cir. 2012).

and GE equipment aboard the above-referenced Navy ships.  Notably, the Navy required the use of such asbestos-containing components despite the fact that it was, at all times relevant to this case, independently aware of asbestos-related health hazards.

11.     Navy engineers collaborated with engineers employed by the Navy's equipment suppliers (such as Westinghouse and GE) to design a propulsion system for a ship or class of ships. Moreover, Navy officers, including Navy officers in residence in Westinghouse's and GE's manufacturing facilities, undertook ongoing and detailed oversight of the manufacture of Westinghouse's and GE's Navy equipment, enforcing strict compliance with the Navy's MilSpecs and other Navy directives.  In particular, all materials used in the manufacture of Westinghouse's and GE's Navy equipment — including any asbestos-containing materials — were analyzed and approved by the Navy.  Finally, Westinghouse's and GE's Navy equipment was subjected to various tests and trials supervised by the Navy before it was approved for use on Navy vessels.

12.     The Navy's detailed and ongoing oversight extended to any warnings or other written materials (i.e., markings, information plates, or technical manuals) to be furnished with Westinghouse's and GE's Navy equipment.  All such written materials were likewise governed by the Navy's MilSpecs and were carefully examined and approved by Navy officers to ensure full compliance therewith.  In particular, Westinghouse and GE were prohibited from providing any equipment-related warning that had not been reviewed and expressly approved by Navy officers.

13.     In sum, no material aspect of the design, manufacture, and/or supply of Westinghouse's and GE's Navy equipment (and of any warnings or other written materials to be supplied therewith) escaped the close control of the Navy and its officers, who retained "final say" authority in all such regard.  In light of these facts, numerous courts have held that Westinghouse and/or GE were "acting under a federal officer" in its design, manufacture, and supply of their

7

Navy equipment.  *See*, *e.g.*, *See*, *e.g.*, *Ruppel*, 701 F.3d at 1181; *French v. A.W. Chesterton Co.*, No. 16-cv-1777, 2016 WL 6649281, at *3 (N.D. Ohio Nov. 10, 2016); *Esser v. CBS Corp*., No. 15-cv-395, 2016 WL 452309, at *6 (D. Del. Feb. 5, 2016); *Laurent v. City of New Orleans*, No. 14-cv-2022, 2014 WL 5410654, at *3 (E.D. La. Oct. 23, 2014); *Commardelle v. Pa. Gen. Ins. Co*., No. 13-cv-6555, 2014 WL 1117969, at *3-4 (E.D. La. Mar. 28, 2014); *Shepherd v. Air & Liquid Sys. Corp*., No. 12-cv-143, 2012 WL 5874781, at *8-9 (D.R.I. Nov. 20, 2012); *Vedros v. Northrop Grumman Shipbuilding*, No. 11-cv-6728, No. 2012 WL 3155180, at *6 (E.D. Pa. Aug. 2, 2012); *Najolia v. Northrop Grumman Ship Sys.*, 883 F. Supp. 2d 646, 653-54 (E.D. La. 2012); *Morgan v. Bill Vann Co.*, No. 11-cv-0535, 2011 WL 6056083, at *3 n.3 (S.D. Ala. Dec. 6, 2011); *Kite v. Bill Vann Co*., No. 11-cv-0444, 2011 WL 4499345, at *4 (S.D. Ala. Sept. 29, 2011); *Dupre v. Todd Shipyards Corp*., No. 11-cv-2097, 2011 WL 4551439, at *6 (E.D. La. Sept. 29, 2011); *Ellis v. Pneumo Abex Corp*., 798 F. Supp. 2d 985, 990 (C.D. Ill. 2011); *Corley v. Long-Lewis, Inc*., 688 F. Supp. 2d 1315, 1334-35 (N.D. Ala. 2010); *Allen v. CBS Corp*., No. 09-cv–1112, 2009 WL 4730747, at *2 (D. Conn. Dec. 1, 2009); *Mitchell v. AC and S, Inc*., No. 04-cv-2713, 2004 WL 3831228, at *2 (E.D. Va. Dec. 15, 2004); *Madden v. Able Supply Co*., 205 F. Supp. 2d 695, 700-01 (S.D. Tex. 2002); *Carter v. AC and S, Inc*., No. 02-cv-194, 2002 WL 31682352, at *4-5 (E.D. Tex. 2002); *Crocker v. Borden, Inc*., 852 F. Supp. 1322, 1326 (E.D. La. 1994); *Pack v. AC and S, Inc.,* 838 F. Supp. 1099, 1103 (D. Md. 1993); *Fung v. Abex Corp*., 816 F. Supp. 569, 572 (N.D. Cal. 1992).  Westinghouse and GE submit that these authorities have properly interpreted and applied 28 U.S.C. § 1442(a)(1) and that a similar ruling would be appropriate in this case in the event Plaintiffs seek to remand this matter to state court.

14.    It is "axiomatic" that, if a defendant has been sued for asbestos-related injuries purportedly arising from or relating to equipment that it manufactured and supplied to the Navy

under the Navy's detailed direction and control, that defendant has been sued in relation to conduct under color of its federal office, satisfying the "causal nexus" requirement. *Madden*, 205 F. Supp. 2d at 701-02. Accordingly, and as again held by numerous courts, the "causal nexus" standard is satisfied as to asbestos-related injury claims involving Westinghouse's and/or GE's Navy equipment. *See, e.g., Ruppel*, 701 F.3d at 1181; *French*, 2016 WL 6649281, at *4; *Laurent*, 2014 WL 5410654, at *3; *Shepherd*, 2012 WL 5874781, at *8-9; *Vedros*, 2012 WL 3155180, at *8; *Kite*, 2011 WL 4499345, at *4; *Dupre*, 2011 WL 4551439, at *6; *Ellis*, 798 F. Supp. 2d at 990; *Corley*, 688 F. Supp. 2d at 1334-35; *Allen*, 2009 WL 4730747, at *2-3; *Mitchell*, 2004 WL 3831228, at *5; *Madden*, 205 F. Supp. 2d at 701-02; *Crocker*, 852 F. Supp. at 1327.

15.     As to the question of a colorable federal law-based defense, Westinghouse and GE assert a government contractor defense under *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988) because to the extent that Westinghouse and GE designed, manufactured and supplied the Navy equipment at issue in this case: 1) Westinghouse and GE designed, manufactured and supplied such Navy equipment (and all associated warnings or other writings) in accordance with "reasonably precise specifications" promulgated or heedfully approved and adopted by the Navy; 2) such Westinghouse and GE equipment (and associated writings) conformed with those specifications; and 3) at all times relevant to this suit, the Navy was independently aware of potential health hazards associated with asbestos exposure. Once again, numerous courts considering the propriety of the removal of asbestos-related claims involving Westinghouse's Navy equipment have found that Westinghouse and/or GE can, accordingly, state at least a colorable government contractor defense in relation to such claims. *See, e.g., French*, 2016 WL 6649281, at *4; *Commardelle*, 2014 WL 1117969, at *5-6; *Shepherd*, 2012 WL 5874781, at *7-9;

*Vedros*, 2012 WL 3155180, at *7; *Najolia*, 883 F. Supp. 2d at 657-58; *Morgan*, 2011 WL 6056083, at *6; and *Dupre*, 2011 WL 4551439, at *7.

16.    In sum, and consistent with the short and plain statement of the law and facts offered herein, this Court has original jurisdiction over the subject matter of this suit under § 1442(a)(1) given that Westinghouse and GE were acting under an officer or agency of the United States relative to one or more of the claims stated against Westinghouse and GE in this case, and can state at least a colorable federal law-based defense to said claim or claims.

17.    As noted above, while Westinghouse and GE offer this statement to satisfy its obligation as the removing defendant under § 1446(a) to provide a short and plain statement of the legal and factual basis for removal, they reserve the right, and request an opportunity, to respond more fully in writing to any motion for remand in this case, and to supplement the record with affidavits, declarations, and/or MilSpecs supporting the assertions of fact stated herein.

18.    A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related state court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).

19.    Westinghouse and GE have no duty to notify in advance, nor obtain the consent of, any other defendant to this action to remove this case under § 1442 (a)(1).  *See Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962).

20.     Westinghouse and GE have attached those documents required by 28 U.S.C. § 1446(a), the Local Rules of this Court, and/or the Local Rules of the Court of Common Pleas of Philadelphia County, Pennsylvania.

21.     In compliance with 28 U.S.C. § 1446(d), Westinghouse and GE will promptly provide written notice of this Notice of Removal to all adverse parties, and, promptly after the filing of this Notice of Removal, will file a copy thereof with the Office of Judicial Records of the Court of Common Pleas of Philadelphia County, Pennsylvania.  *See* **Exhibit C**, Notice of Filing Notice of Removal.

WHEREFORE, Defendants CBS Corporation and General Electric Company remove this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania in conformance with the requirements set forth in 28 U.S.C. §§ 1442 and 1446.

Dated: August 24, 2022                              Respectfully submitted,

*s/ John P. McShea*
John P. McShea
Pa. I.D. No. 34562
McShea Law Firm, P.C.
Centre Square, West Tower
1500 Market Street, 40th Floor
Philadelphia, PA 19102
(215) 599-0800
JMcShea@mcshealawfirm.com

*Attorney for Defendants CBS Corporation and General Electric Company*

## **<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on this 24th day of August, 2022, I electronically filed the foregoing

Notice of Removal of Defendants CBS Corporation and General Electric Company with the Clerk

of Court using the *CM/ECF* system and served said Notice of Removal as indicated below.

### **<u>Via E-Mail</u>**

Gregory N. Bunitsky, Esquire
**PETER ANGELOS LAW**
1880 John F. Kennedy Blvd., Suite 1701
Philadelphia, PA 19103
gbunitsky@lawpga.com

Attorney for Plaintiffs


*s/ John P. McShea*
John P. McShea