# EXHIBIT A

LAW OFFICES OF PETER G. ANGELOS, P.C.
Firm I.D. #99975
Jason B. Duncan, Esquire
PA S. Ct. I.D. No 87946
Gregory N. Bunitsky, Esquire
PA S. Ct. I.D. No. 58339
1880 JFK Blvd., Suite 1701
Philadelphia, PA 19301
(215)864-0191

Filed and Attested by the
Office of Judicial Records
20 JUL 2020 03:14 pm
A. SILIGRINI

John Fynes and Maryann Fynes, his wife

35 Mariner Drive
Sewell, NJ 08080

Plaintiffs,

VS.

Bayer CropScience. Inc.,
f/k/a Aventis Cropscience, USA, Inc.,
f/k/a Rhone Poulenc, Inc.,
f/k/a UCAR Corportion,
f/k/a Amchem Products, Inc.
f/k/a Benjamin Foster
2 T.W. E. Alexander Drive
Research Triangle Park
Durham, NC 27709,  *et al.*

Defendants

| | |
|---|---|
| * | IN THE COURT OF |
| * | |
| * | COMMON PLEAS OF |
| * | PHILADELPHIA COUNTY |
| * | |
| * | PENNSYLVANIA |
| * | |
| * | |
| * | _July_____ TERM, 2020 |
| * | |
| * | No. _01271_____ |
| * | |
| * | Short Form Complaint |
| * | PERSONAL INJURY |
| * | |
| * | CIVIL ACTION - |
| * | ASBESTOS - 2090 |
| * | |
| * | JURY TRIAL DEMANDED |

### NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint of for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107 Telephone:
(215) 238-1701

### AVISO

LE HAN DEMANDADO A USTED EN LA CORTE. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en form excrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATEMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
One Reading Center
Philadelphia, PA 19107
Telefono: (215) 238-1701

LAW OFFICES OF PETER G. ANGELOS, P.C.
Firm I.D. #99975
Jason Duncan, Esquire
PA S. Ct. I.D. No. 87946
Gregory N. Bunitsky, Esquire
PA S. Ct. I.D. No. 58339
1880 JFK Blvd., Suite 1701
Philadelphia, PA 19103
(215) 864-0191

| | |
|---|---|
| John Fynes and Maryann Fynes, <br> his spouse <br> 35 Mariner Drive <br> Sewell, NJ 08080 <br><br> Plaintiffs, <br><br> VS. <br><br> BAYER CROPSCIENCE, INC., <br> f/k/a AVENTIS CROPSCIENCE, USA, INC., <br> f/k/a RHONE POULENC, INC. <br> f/k/a UCAR CORPORATION <br> f/k/a AMCHEM PRODUCTS, INC. **229** <br> f/k/a BENJAMIN FOSTER <br> 2 T.W. Alexander Drive <br> Research Triangle Park <br> Durham, NC 27709 <br><br> and <br><br> BRAND INSULATIONS, INC. **057** <br> c/o CT Corporation System <br> 600 N. 2nd Street, Suite 401 <br> Harrisburg, PA 17101 <br><br> and <br><br> CARRIER CORPORATION <br> in its own right and as successor to ICP <br> and a/k/a United Technologies Corp. | IN THE COURT OF <br> COMMON PLEAS OF <br> PHILADELPHIA COUNTY <br> PENNSYLVANIA <br><br> _July_ TERM, 2020 <br><br> No. _01221_ <br><br> Short Form Complaint <br> PERSONAL INJURY <br><br> CIVIL ACTION - <br> ASBESTOS - 2090 <br><br> JURY TRIAL DEMANDED |

successor-in-interest to Bryant Heating                                 *
c/o CT Corporation Systems                                              *
600 N. 2nd Street, Suite 401                                            *
Harrisburg,  PA  17101                                                  *
                                                                        *
          and                                                           *
                                                                        *
CBS CORPORATION, a Delaware corporation,                                *
f/k/a VIACOM, INC, successor by merger to                               *
CBS Corp., a Pennsylvania corporation,                                  *
f/k/a WESTINGHOUSE ELECTRIC CORP.                                       *
c/o Asbestos Litigation Support Mgr.                                    *
Eckert Seamans Cherin & Mellott, LLC                                    *
Case Management and Technology Ctr.                                     *
600 Grant Street 44th Floor                                  *
Pittsburgh, PA 15219                                                    *
                                                                        *
          and                                                           *
                                                                        *
CLEAVER-BROOKS, INC. **155**                                            *
c/o CSC                                                                 *
2595 Interstate Drive                                                   *
Suite 103                                                               *
Harrisburg, PA 17110                                                    *
                                                                        *
          and                                                           *
                                                                        *
CONWED CORPORATION                                                      *
c/o CT Corp Systems                                                     *
1209 Orange Street                                                      *
Wilmington, DE 19801                                                    *
                                                                        *
          and                                                           *
                                                                        *
FLOWSERVE  CORPORATION                                                  *
Individually and as successor to                                        *
Byron Jackson Pumps, Worthington Pumps                                  *
and IDP Pumps, f/k/a Ingersoll Dresser                                  *
Pumps f/k/a Pacific Pumps and as                                        *
successor-in-interest to Durco International, Inc.,                      *
f/k/a The Duriron Co., Inc.                                             *
5215 N. O'Connor Blvd.,Suite 2300                                       *
Irving,  TX 75039                                                       *
                                                                        *
          and                                                           *

FOSTER WHEELER LLC (survivor to a merger &ast;
with Foster Wheeler Corporation) and its &ast;
subsidiaries &ast;
c/o United Agent Group &ast;
3411 Silverside Road &ast;
Tatnall Bldg 104 &ast;
Wilmington, DE 19810 &ast;
&ast;
and &ast;
&ast;
GARDNER DENVER, INC. &ast;
c/o CT Corporation Systems &ast;
600 N. 2nd Street, Suite 401 &ast;
Harrisburg, PA  17101 &ast;
&ast;
and &ast;
&ast;
GENERAL ELECTRIC I64 &ast;
c/o CT Corporation Systems &ast;
600 N. 2nd Street, Suite 401 &ast;
Harrisburg, Pa 17101 &ast;
&ast;
and &ast;
&ast;
GOODYEAR TIRE & RUBBER CO. &ast;
c/o Corporation Service Company &ast;
2595 Interstate Drive, Suite 103 &ast;
Harrisburg, PA 17110 &ast;
&ast;
and &ast;
&ast;
GOODYEAR  CANADA,  INC. &ast;
450 Kipling Avenue &ast;
ATO Bicoke, Ontario Canada M82 4El &ast;
&ast;
and &ast;
&ast;
GOULDS  PUMPS, INC. &ast;
c/o CT Corporation Systems &ast;
600 N. 2nd Street, Suite 401 &ast;
Harrisburg,PA  17101 &ast;
&ast;
and &ast;
&ast;

GRINNELL LLC                                                    *
D/B/A  GRINNELL CORPORATION                                     *
c/o CT Corporation Systems                                     *
600 N. 2nd Street, Suite 401                                   *
Harrisburg, PA  17101                                          *
                                                               *
     and                             *
                                                               *
H. B. FULLER COMPANY                                           *
f/k/a AMCHEM PRODUCTS, INC.  **229**                           *
f/k/a BENJAMIN FOSTER                                          *
1200 Willow Lake Boulevard                                     *
P.O. Box 64683                                                 *
St. Paul, MN 55164-0683                                       *
                                                               *
     and                             *
                                                               *
HONEYWELL   INTERNATIONAL, INC.                                *
as successor-in-interest to Allied Signal, Inc.                *
and Bendix Corporation                                        *
c/o Corporation Service Company                               *
2595 Interstate Drive, Suite 103                              *
Harrisburg, PA 17110                                           *
                                                               *
     and                             *
                                                               *
HOPEMAN BROTHERS, INC. (066)                                   *
435  Essex Avenue                                              *
Waynesboro, VA 22980                                          *
                                                               *
     and                             *
                                                               *
IMO INDUSTRIES, INC.                                           *
f/k/a De Laval Turbine, Inc.                                  *
c/o CT Corporation Systems                                     *
600 N. 2nd Street, Suite 401                                   *
Harrisburg, PA  17101                                          *
                                                               *
     and                             *
                                                               *
ITT CORPORATION                                                *
F/K/A  BELL & GOSSETT                                          *
c/o CT Corporation Systems                                     *
600 N. 2nd Street, Suite 401                                   *
Harrisburg, PA  17101                                          *

and    *
   *

J.H. FRANCE REFRACTORIES CO. (227)    *
The Corporation Trust Co.    *
1209 Orange Street    *
Wilmington, DE 19801    *
   *

and    *
   *

METROPOLITAN LIFE INSURANCE    *
COMPANY    *
c/o CT Corporation Systems    *
600 N. 2nd Street, Suite 401    *
Harrisburg, PA 17101    *
   *

and    *
   *

PECORA  CORPORATION    *
a Pennsylvania Corporation    *
165 Wambold  Road    *
Harleysville, PA 19438    *
   *

and    *
   *
   *

PFIZER, INC.      **102**    *
c/o CT Corporation Systems    *
600 N. 2nd Street, Suite 401    *
Harrisburg, PA  17101    *
   *

and    *
   *

SUNOCO,  INC. (R&M)    *
AS SUCCESSOR TO SUN SHIP  LLC.    *
3801 West Chester Pike    *
Newtown  Square,  PA 19073    *
   *

and    *
   *

THE NASH ENGINEERING COMPANY    *
c/o Corporation Services Company    *
2704 Commerce Drive, Suite B    *
Harrisburg, PA 17110    *
   *

and    *

TRANE US INC.,
F/K/A AMERICAN STANDARD, INC.
c/o Corporation Service Company
2595 Interstate Blvd, Suite 103
Harrisburg, PA 17110

and

THE MARLEY-WYLAIN COMPANY
F/K/A WEIL MCLAIN
c/o CT Corp System
Two Commerce Square
2001 Market St., 5ᵗʰ Floor
Philadelphia, PA 19103

and

UNION CARBIDE CORPORATION 112727
c/o CT Corporation System
600 N 2ⁿᵈ Street, Suite 401
Harrisburg, PA 17101

and

WARREN PUMPS, INC.
c/o CT Corp.
1209 Orange St
Wilmington, DE 19801

Defendants.

## SHORT FORM COMPLAINT

AND NOW COMES, John and Maryann Fynes, by and through their attorneys Jason

Duncan and Gregory N. Bunitsky, and the Law Offices of Peter G. Angelos, P.C., files this

Complaint and in support thereof avers the following:

1. Plaintiff incorporates by reference Plaintiff's Master Long Form Complaint in Re:

   Asbestos Litigation in Philadelphia Court of Common Pleas, filed as of October Term

1986, No. 8610-0001 as though set forth in its complete text. Pursuant to an Order dated July 30, 1986 and signed by the Honorable Richard B. Klein and the Honorable Edward J. Blake the following short form complaint is utilized in this asbestos action.

2.  Plaintiff would also name as defendants the Johns-Manville Corporation, the Johns Manville Sales Corporation, UNARCO, Amatex Corporation, Forty Eight Insulators Incorporated, Wallace and Gale Company, Flintkote, Nicolet Industries, Pacor, Inc., Raymark Industries Inc., Raymark Corporation and Raytech, DI Distributors Inc. f/k/a Delaware Insulation Company, Inc., Carey Canada, Celotex Corporation, Eagle Picher Industries, Inc., Keene Corporation, Rock Wool Manufacturing Co., H.K. Porter Company, Inc., Pittsburgh Corning Corporation, Asbestos Claims Management Corporation f/k/a National Gypsum, GI Holdings, Inc. f/k/a GAF Corporation, Congoleum Corporation, Owens Corning, Fibreboard Corporation, Armstrong World Industries, Inc., W.R. Grace & Co. - Conn., United States Gypsum Company, U.S. Mineral Products, T&N Plc., AC&S, Inc., Chrysler LLC, f/k/a Daimler Chrysler Corporation, General Motors Corporation, Durabla Mfg. Company, Chesterton Manufacturing Co., Garlock, Incorporated, Garlock Sealing Technologies, (Fairbanks Morse and Enpro Industries), The Anchor Packing Company, Leslie Controls, Inc., Standco Industries, Inc. f/k/a Standard Brake Lining individually and as successor-in-interest to Sterling Packing and Gasket Company, Inc., Bondex International, Inc., United Gilsonite Laboratories, J. T. Thorpe, Western MacArthur/Western Asbestos, Kaiser Gypsum, Georgia-Pacific LLC and new bankrupt companies; however, each of these potential defendants has filed for relief or been forced into involuntary bankruptcy under Chapter 11 of the Bankruptcy Code and, pursuant to 11 U.S.C. Section 362, the

institution of actions against these companies is stayed. Plaintiff would have brought suit against the companies enumerated in this paragraph but for the automatic stay.

3. Defendant, Trane US, Inc., f/k/a American Standard, Inc., is a Delaware Corporation with its principle place of business in New York and is doing business in the Commonwealth of Pennsylvania. It is the successor in interest to Westinghouse Air Brake Co., which sold asbestos-containing products such as, but not limited to, gaskets, brake shoes and brake linings. Trane US, Inc., f/k/a American Standard, Inc. or its other predecessor, Ideal, sold asbestos containing boilers and cement to which plaintiff was exposed.

4. Defendant, Bayer CropScience, Inc., successor to Aventis CropScience, USA, Inc., (f/k/a Rhone Poulenc, Inc. f/k/a UCAR Corporation, f/k/a Amchem Products, Inc.) is a corporation that has and continues to do business at 2 T.W. Alexander Drive, Research Park, Durham, NC 27709. At all times material hereto Bayer CropScience, Inc., successor to Aventis Cropscience, USA, Inc., and/or its predecessors and subsidiaries including Amchem Products, Inc., manufactured, produced and sold, either directly or indirectly, in the geographical area in which plaintiff worked and/or to the employers of plaintiff and/or to contractors on job sites on which plaintiff worked in close proximity to the use of asbestos/asbestos containing products, including, but not limited to Foster Mastic, C.I. Mastic, and other asbestos products.

5. Defendant, Carrier Corporation, in its own right and as successor to ICP and a/k/a United Technologies Corporation, successor-in-interest to Bryant Heating, is a corporation with its principal place of business located at 1 Carrier Place, Farmington, CT and is doing business in the Commonwealth of Pennsylvania. At all times material hereto, defendant, Carrier Corporation, in its own right and as successor to ICP and a/k/a United

Technologies Corporation, successor-in-interest to Bryant Heating, manufactured, produced and sold either directly or indirectly in the geographical area in which plaintiff worked, and to the employers of the plaintiff and or to the contractors on the work sites any and all types of asbestos boilers, boiler products, air conditioning equipment, air-conditioning products and asbestos containing products.

6.   Defendant, Cleaver-Brooks, Inc., is a Delaware corporation with its principle place of business located in Lebanon, Pennsylvania. At all times material hereto, Cleaver-Brooks, Inc. sold boilers, which were designed or intended to be insulated with asbestos. Because the boilers failed to contain adequate and sufficient warnings of the possible hazards of asbestos, they were defective and the conduct of the defendant in selling those products without such warnings was negligent. Since asbestos insulation on the boilers had to be removed, it was dangerous and warnings should have been given.

7.   Defendant, Conwed Corporation, is a Pennsylvania corporation which regularly conducts business in the County of Philadelphia and in the Commonwealth of Pennsylvania. Defendant Conwed Corporation, manufactured, produced and sold, among other products asbestos containing ceiling tiles.

8.   Defendant, Flowserve Corporation, individually and as successor to Byron Jackson Pumps, Worthington Pumps and IDP Pumps, f/k/a Ingersoll Dresser Pumps, f/k/a Pacific Pumps and as successor-in-interest to Durco International, Inc., f/k/a The Durion Co., Inc., at times material hereto, manufactured, produced, sold and/or supplied either directly or indirectly to the employer(s) of Plaintiff, asbestos and/or asbestos containing component parts to which Plaintiff was exposed.

9.   Defendant, Gardner Denver, Inc., is a corporation doing business in the Commonwealth

of Pennsylvania. At times material hereto, Defendant, Gardner Denver, Inc.,
manufactured, produced, sold and/or supplied, either directly or indirectly in the
geographical area in which Plaintiff worked, and/or to the employers of Plaintiff and/or
to the contractors on job sites on which Plaintiff was employed, including but not limited
to any and all asbestos-containing products.

10.   Defendant, Goodyear Tire and Rubber Company, is a Kentucky Corporation with its
principal place of business located at 1144 E. Market Street, Akron, Ohio 44316. At all
times material hereto, Goodyear Tire and Rubber Company manufactured, provided,
marketed and sold asbestos containing gaskets and other asbestos containing products to
and for Durabla Manufacturing Company, in the Commonwealth of Pennsylvania to
which Plaintiff was exposed to the detriment of his health.

11.   Defendant, Goodyear Canada, Inc., is a Canadian Corporation with its principal place of
business located at 450 Kipling Avenue, ATO Bicoke, Ontario, Canada 8m24e1. At all
times material hereto Goodyear Canada did business throughout the United States and the
Commonwealth of Pennsylvania. Goodyear Canada, Inc. manufactured asbestos
containing gaskets and other asbestos products to and for Durabla Manufacturing
Company, to which Plaintiff was exposed to the detriment of his health.

12.   Defendant, General Electric Company, located at c/o CT Corporation Systems, 600 N. 2nd
Street, Suite 401, Harrisburg, PA 17101, is a corporation duly organized and existing
under the laws of the State of New York with its principal place of business at One River
Road, Schenectady, New York. At all times material hereto, General Electric Company,
through its distributor, General Electric Supply Company, distributed various asbestos-
containing products that were used around plaintiff, including, but not limited to,

electrical products, vessels, turbines, brakes and machinery, all of which was or should have been foreseeable by GE.

13. At times material hereto, defendant Grinnell LLC, d/b/a Grinnell Corporation, manufactured, produced and sold, either directly or indirectly, in the geographical area in which plaintiff worked and/or to the employers of the plaintiff and/or to contractors on job sites on which plaintiff worked, asbestos products, including but not limited to, valves which contained asbestos materials.

14. Defendant, IMO Industries, Inc., f/k/a De Laval Turbine, Inc. at times material hereto, manufactured, produced, sold and/or supplied either directly or indirectly to the employer(s) of Plaintiff, asbestos and/or asbestos containing component parts to which Plaintiff was exposed.

15. Defendant, ITT Corporation, f/k/a Bell & Gossett, is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, and at all times materials hereto was doing business in the Commonwealth of Pennsylvania. At all times material hereto Defendant ITT Corporation, f/k/a Bell & Gossett, manufactured, produced and sold, either directly or indirectly, in the geographical area in which plaintiff worked and/or to the employers of the plaintiff and/or to contractors on job sites on which plaintiff worked, various asbestos- containing products.

16. Defendant, J.H. France Refractories Co., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, is a citizen and resident of the Commonwealth of Pennsylvania, has its principal place of business in the Commonwealth of Pennsylvania, and at all times material hereto was doing business in

the State of New Jersey. At all times material hereto, defendant, J.H. France Refractories Co., mined manufactured, produced, sold and/or supplied, either directly or indirectly to the employer of the plaintiff, asbestos products.

17. Defendant, Pecora Corporation, is a Pennsylvania corporation with its principal place of business located at 165 Wambold Road, Harleysville, Pennsylvania. Pecora Corporation at all times material hereto, manufactured, supplied, distributed and/or produced any and all of the asbestos-containing products to which the plaintiff was exposed through his employment including, but not limited to, Red Devil Furnace Cement, sealings and other products.

18. Defendant, Pfizer, Inc., is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in New York, which is doing business in the Commonwealth of Pennsylvania and in the Federal Eastern District of Pennsylvania. At all times material hereto, Pfizer, Inc., manufactured, produced, and sold, either directly or indirectly, in the geographical area in which plaintiff and/or to contractors on job sites on which plaintiff worked, asbestos products, including, but not limited to, asbestos containing Kilnoise Acoustical Ceiling Plaster.

19. Defendant, Sunoco, Inc. (R&M) as successor to Sun Ship LLC., is a Pennsylvania corporation with its principal place of business in the Commonwealth of Pennsylvania. At all times material hereto, Plaintiff believes he was sent by his union, Insulators Local 93 to defendant's facility located in Philadelphia, Pennsylvania at various times from 1977 through 1978, while not employed by Sunoco, Inc. (R&M) as successor to Sun Ship LLC. At this time, plaintiff is unable to recall or determine the exact dates he was sent to defendant's premises. Defendant, Sunoco, Inc. (R&M) as successor to Sun Ship LLC., is

being sued based upon premises liability in that the defendant or their predecessors for whom they are liable as successors, negligently owned, possessed, operated and controlled their respective premises in a manner that the plaintiff was exposed to asbestos dust from asbestos-containing products, and that the defendant's knew or should have known that this exposure was a significant health hazard to the plaintiff and others similarly situated. As a result of the negligent maintenance of its facilities, plaintiff was exposed to asbestos without proper precautions or warnings. As a result of that exposure, plaintiff developed the injuries complained of herein.

20. Defendant, The Nash Engineering Company, is a corporation doing business in the Commonwealth of Pennsylvania. At all times material hereto, Defendant, The Nash Engineering Company, manufactured, produced, sold and/or supplied, either directly or indirectly in the geographical area in which Plaintiff worked, and/or to the employers of Plaintiff and/or to the contractors on job sites on which Plaintiff was employed, including but not limited to any and all asbestos-containing products.

21. Defendant, Warren Pumps, Inc., is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 82 Bridges Avenue, Warren, Massachusetts, and at all times material hereto was doing business in the Commonwealth of Pennsylvania. At all times material hereto, Defendant Warren Pumps, Inc., manufactured, produced and sold, either directly or indirectly, in the geographical area in which plaintiff worked and/or to the employers of the plaintiff and/or to contractors on job sites on which plaintiff worked, various asbestos-containing products.

22. Defendant, CBS Corporation, a Delaware corporation, f/k/a Viacom, Inc. successor by merger to CBS Corp., a Pennsylvania corporation, f/k/a Westinghouse Electric

Corporation, c/o Asbestos Litigation Support Manager of Eckert Seamans Cherin & Mellott, LLC, Case Management and Technology Center, 600 Grant Street, 44th Floor, Pittsburgh, PA 15219. Defendant CBS Corporation, a Delaware corporation, f/k/a Viacom, Inc. successor by merger to CBS Corp, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation manufactured various products, including but not limited to electrical products, gaskets, valves, packing, brakes, and machinery, which either contained asbestos or required the installation of asbestos.

23. Defendant, The Marley-Wylain Company, f/k/a Weil McLain Company, A division of the Marley Company, a wholly-owned subsidiary of United Dominion Industries, Inc., CT Corporation System Philadelphia, Two Commerce Square, 2001 Market Street, 5th Floor, Philadelphia PA 19103 which is a corporation organized and existing under the laws of the State of Delaware with its principle place of business in Kansas which is doing business in the Commonwealth of Pennsylvania. At all times material hereto, Defendant Weil-McLain, manufactured, produced and sold, either directly or indirectly, in the geographical area in which the plaintiff worked and/or to the employers of plaintiff and/or to contractors on job sites on which plaintiff worked, asbestos products.

24. This Complaint alleges the claims of the following persons:

a. Plaintiff("Plaintiff"):

Name:; John Fynes

Address:; 35 Mariner Drive, Sewell, NJ 08080

Social Security No.: ▓▓▓▓▓▓

Date of Birth:. ▓▓▓▓▓

b. Plaintiff("Plaintiff"):

Name:;   Maryann Fynes

Address:; 35 Mariner Drive, Sewell, NJ 08080

25.   The defendants are those companies listed in the caption of this complaint.

26.   Plaintiff was employed by various employers at various locations and at each location was exposed to the asbestos products of the defendants herein.

27.   At all times from 1977 to 1995, Plaintiff was a member of the International Association of Heat & Frost Insulators & Asbestos Workers of America, Union Local #93.

28.   The aforementioned Local #93 maintained its principle place of business, and operated a hiring hall, in Glenolden, Pennsylvania.

29.   Plaintiff as a skilled tradesman was assigned among other places to job sites designated in the City of Philadelphia and surrounding counties.

30.   Plaintiff was exposed to various asbestos products while working as a tradesman including but not limited to, the following: Blankets, pipe covering, block and cement, and other asbestos containing products.

31.   The air Plaintiff breathed was contaminated with asbestos dust and fibers shed by asbestos products sold, manufactured or distributed by the defendant corporations and each of them during the period 1977 to 1995 while Plaintiff was employed by the various employers averred in paragraphs above.

32.   Plaintiff also suffered household exposure as well. Plaintiff's brother James E. Fynes worked as a skilled building tradesmen in the same Local Union as Plaintiff, Local Union # 93 the International Association of Heat & Frost Insulators and Asbestos Workers of America. James E. Fynes began his career as an insulator in the mid 1960s. As a member of Local # 93, he was assigned to job sites designated in the City of Philadelphia and

Case ID: 200701221

surrounding counties.

33. From the mid 1960s until leaving the family home in 1972, James Fynes wore his work clothing home. That clothing was contaminated with asbestos dust and fibers shed by asbestos products sold, manufactured or distributed by the defendant corporations. From approximately the mid 1960s until 1972, Plaintiff also resided in the family home. This home was located at 1249 South 29th Street, Philadelphia, PA 19146.

34. Plaintiff, while residing at the above address, was exposed to the asbestos fibers brought home by his insulator brother on his work clothing.

35. Plaintiff was also exposed as a result of the laundering process of James' work clothing. Therefore, the air Plaintiff breathed in the Fynes family home  was contaminated with asbestos dust and fibers shed by these asbestos products during the aforementioned mid 1960s to 1972 time period.

36. Plaintiff first learned of the injury for which he is making his claim on or about June, 2019.

37. Plaintiff was first diagnosed as having an asbestos related injury on or about June 2019.

38. Plaintiff currently is suffering from shortness of breath and lung cancer.

39. A claim for lost wages is not asserted at this time.

WHEREFORE, Plaintiffs demand judgment against all defendants named in this Complaint, and each of them, in an amount in excess of fifty thousand dollars ($50,000.00) for compensatory damages and in excess of fifty thousand dollars  ($50,000.00) for punitive damages, plus costs, attorney's fees and such further relief as may be appropriate.

## COUNT XI: Premises Liability

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs above with the same force and effect as if hereinafter set forth at length.

41. Defendant, Sunoco, Inc., (R&M) as successor to Sun Ship, LLC is a Pennsylvania corporation, which regularly conducts business in the County of Philadelphia and in the Commonwealth of Pennsylvania with its principle place of business at 3801 West Chester Pike, Newtown Square, PA 19073. Defendant Sunoco, Inc., did business under the name Sun Ship, LLC. At all times material hereto, upon information and belief, defendant Sunoco, Inc. (R&M) did own fully or partially, lease, manage, work upon and/or control the ship building and dry dock yard located in Chester, Pennsylvania, known at all times material hereto as the Sun Ship Building and Dry Dock Company, otherwise known as Sun Ship.

42. This count is brought by Plaintiff solely against Defendant, Sunoco, Inc., (R&M) (hereinafter referred to as the Premises Liability Defendant) and is brought in addition to the allegations contained in the Master Long Form complaint, which are incorporated herein by reference as though set forth in their complete text.

43. On numerous occasions and for substantial periods of time Plaintiff was invited onto and lawfully entered upon property owned and controlled by the Premises Liability Defendant as a business invitee. Plaintiff had been specifically requested to perform work and services for the benefit and aid of said defendant on these occasions. At all such times, Plaintiff was employed by corporations other than the Premises Liability Defendant.

44. The Premise Liability Defendant, owed a duty to Plaintiff to use due care to maintain their property free of unreasonably dangerous and defective conditions and to adequately warn Plaintiff of existing dangerous and defective conditions on the premises.

45. While upon property owned and controlled by the Premises Liability Defendant as a

business invitee, Plaintiff was exposed to, and breathed dust shed by large quantities of asbestos-containing products.

46. At all times complained of herein, the Premises Liability Defendant knew or should have known large quantities of asbestos-containing products were present upon their premises.

47. At all times complained of herein, the Premises Liability Defendant knew or should have known the asbestos-containing products released dangerous levels of airborne asbestos fibers during application, deterioration and removal.

48. At all times complained of herein, the Premises Liability Defendant knew or should have known Plaintiff would necessarily work with, around, or in close proximity to these asbestos-containing products while they were being applied, removed or in the process of deteriorating and would inhale large quantities of asbestos fibers.

49. At all times complained of herein, the Premises Liability Defendants knew or should have known the inhalation of asbestos fibers could cause pleural disease, asbestosis, lung carcinoma, malignant mesothelioma, carcinoma of the gastrointestinal tract, and other malignant and non-malignant diseases.

50. At all times complained of herein, the Premises Liability Defendant knew or should have known Plaintiff was unaware of the dangers associated with asbestos exposure, or the full magnitude of that danger, and therefore was not capable of taking adequate measures to protect himself.

51. At all times complained of herein, the Premises Liability Defendant failed to otherwise exercise control as owners of their property in a manner calculated to maintain their premises free of asbestos, an unnecessarily dangerous and defective condition, and thereby protect the health of their business invitees.

52.  At all times complained of herein, the Premises Liability Defendant failed to remove and contain the asbestos materials so as to render the premises safe.

53.  At all times complained of herein, the Premises Liability Defendant failed to cease and discontinue further installation of asbestos-containing products on their premises.

54.  The Premises Liability Defendant knew or should have known of the conditions set forth in the paragraphs above and at all times complained of herein were in a superior position to that of Plaintiff to know the dangers of asbestos. The Premises Liability Defendant was negligent in their failure to warn Plaintiff and other persons similarly situated of the dangerous and defective condition of the premises brought by the presence of asbestos.

55.  The actions or omissions of the Premises Liability Defendant set forth in the paragraphs above of this Complaint were the cause of or were a significant contributing factor in bringing about the physical injuries set forth in paragraphs above of this complaint and all damages suffered by Plaintiffs resulting from these physical injuries.

WHEREFORE, in addition to, or in the alternative to the relief requested in Counts I through X supra, Plaintiff demands judgment against Sunoco, Inc. (R&M), and each and every other defendant named in this Complaint in an amount in excess of Fifty Thousand Dollars ($50,000.00) for compensatory damages and Fifty Thousand Dollars ($50,000.00) for punitive damages, plus costs, attorney's fees and such further relief as may be appropriate.

## COUNT XII: Conspiracy

56.  Plaintiffs repeat, reiterate and reallege each and every allegation contained in the paragraphs above with the same force and effect as if hereinafter set forth at length.

57.  Defendant, Metropolitan Life Insurance Company, is a mutual life insurance company

with its principal place of business in New York. At all relevant times Defendant did business in the State of New Jersey and the Commonwealth of Pennsylvania.

58.     Defendant Metropolitan Life Insurance Company, in conjunction with various asbestos product manufacturers, distributors, and miners, individually and as an agent for asbestos product manufacturers, distributors and miners, aided, abetted, encouraged, counseled, assisted, agreed and conspired with asbestos product manufacturers, distributors and miners to injure the Plaintiff by, among other things, providing funding for a study that revealed Canadian asbestos miners suffered from asbestosis and by materially misrepresenting that known fact, and in various other ways concealing information and otherwise preventing workers and responsible authorities from learning of the health hazards posed by exposure to asbestos dust and fibers.

WHEREFORE, in addition to, or in the alternative to the relief requested in Counts I through XI supra, Plaintiff demands judgment against Metropolitan Life Insurance Company named in this Complaint, jointly and severally as to themselves and each and every other defendant named in this Complaint in an amount in excess of Fifty Thousand Dollars ($50,000.00) for compensatory damages and Fifty Thousand Dollars ($50,000.00) for punitive damages, plus costs, attorney's fees and such further relief as may be appropriate.

LAW OFFICE OF PETER ANGELOS, P.C.

BY:

Gregory N. Bunitsky, Esquire
1880 JFK Blvd., Suite 1701
Philadelphia, PA 19103
(215) 864-0191
*Attorneys for Plaintiffs*

DATED: __7|20__, 2020

## COMPLAINT

## VERIFICATION

I verify that the statements made in this Complaint are true and correct to the best of my knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated __7/15/2020__  _John Fyne_

Dated __7/15/2020__  _Maryann Fyne_

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

FYNES ETAL VS BAYER
CROPSCIENCE INC ETAL

2020 TERM **JULY**

No. 01221

## IN RE: ASBESTOS LITIGATION - OCTOBER TERM 1986, NO. 0001

## MASTER CASE MANAGEMENT ORDER FOR
## ASBESTOS-RELATED PERSONAL INJURY CLAIMS

It is the goal of this Court to secure the just, expeditious and cost-effective determination of each personal injury case involving exposure to asbestos or asbestos-containing products pending or hereafter filed in the Court of Common Pleas of Philadelphia County to eliminate duplication of effort, prevent unnecessary paperwork and promote judicial economy.

In order to achieve these objectives, this 1st day of December, 2010, the Court enters the following Case Management Order for personal injury cases involving exposure to asbestos or asbestos-containing products.

This Case Management Order supersedes all prior Case Management Orders entered in the Asbestos Litigation and shall apply to all cases currently pending and hereafter filed in this Court.

### I.    PLEADINGS

A.    Short Form Complaints

A Short Form Complaint shall be filed and served in every case in accordance with the Pennsylvania Rules of Civil Procedure. Plaintiffs may incorporate by reference the Master Long Form Complaints filed on the above-captioned docket.

The Short Form Complaint shall contain the information required by Philadelphia Civil Rule *1019.1(B), to the extent consistent with the Pennsylvania Rules of Civil Procedure.

A Short Form Complaint that contains premises liability claims shall include the name and address of each work site in which the plaintiff alleges exposure to asbestos and the dates during which the plaintiff or the decedent worked at each such work site.

B.    Preliminary Objections

In response to each Short Form Complaint, the defendant may file preliminary objections, if deemed appropriate, in accordance with the Pennsylvania Rules of Civil Procedure and Philadelphia Civil Rule *1028. The preliminary objections shall be filed in letter brief format rather than motion package format. Its caption must specify "Asbestos Litigation" and name opposing counsel. Facts, issues and pertinent case law should be included. Each motion must include a proposed order.

C.    Answers to Complaints

Defendant's answers to complaints are governed by Rule 1041.1 of the Pennsylvania Rules of Civil Procedure.

## II.   GIFFEAR DOCKET

Cases that do not state a valid claim pursuant to <u>Giffear v. Johns-Manville Corp.</u>, 632 A.2d 880 (Pa.Super. 1993), aff'd sub nom. <u>Simmons v. Pacor, Inc.,</u> 674 A.2d 232 (Pa.1996), shall be placed on an inactive docket.

To reactivate a case which has been discontinued pursuant to <u>Giffear</u>, a Motion to Reactivate must be filed and include all necessary medical reports supporting said motion. The motion shall be filed in letter brief format consistent with the Mass Tort Motion procedures.

## III.   DISCOVERY

The following deadlines shall apply for the completion of discovery and the exchange of expert reports:

<u>180 Days prior to jury selection</u>-

Plaintiffs shall serve answers to Defendants' Master Interrogatories and Requests for Production Directed to Plaintiffs, including information relating to Bankruptcy Trust Filings.

Plaintiffs shall forward the identification of all health care providers along with addresses to defense counsel and RecordTrak.

Plaintiffs shall forward HIPAA compliant authorizations signed by plaintiffs to RecordTrak.

<u>120 days prior to jury selection</u>-

Plaintiffs shall serve medical, economic and liability expert reports.

Plaintiffs shall produce to lead defense counsel all diagnostic materials in the possession of plaintiffs or their counsel and all diagnostic material reviewed by plaintiffs' experts. This includes, but is not limited to, x-rays, CT scans, pathology and cytology.

Plaintiffs shall serve product identification witness lists identifying the defendants the witnesses are expected to identify.

<u>100 days prior to jury selection</u>-- Completion of plaintiffs' depositions.

<u>90 days prior to jury selection</u>-- Completion of all co-worker depositions.

<u>45 days prior to jury selection</u>-- Defendants shall serve medical and economic expert reports.

<u>10 days prior to jury selection</u>--Defendants shall serve expert liability reports.

## IV.   STIPULATIONS OF DISMISSAL

1.      If a plaintiff has agreed to stipulate to the dismissal of a defendant, the defendant (hereinafter the "Stipulated Defendant") shall prepare a Stipulation of Dismissal.

2.      The Stipulated Defendant shall circulate the Stipulation of Dismissal to all defense

counsel by letter, stating that any party has ten (10) days from the date of the letter to object to the dismissal of the Stipulated Defendant.

3.   If a party objects to the dismissal of the Stipulated Defendant, the objecting party shall notify the Stipulated Defendant in writing of the basis for the objection.

4.   If, after the expiration of the ten (10) day period, no objections are received by the Stipulated Defendant, the Stipulation of Dismissal may be electronically filed with the Court as unopposed.

5.   The package electronically filed with the Court shall include the signed Stipulation of Dismissal and a cover letter stating no objections have been raised within the ten (10) day period.

6.   Service of the Court-approved Stipulation of Dismissal shall be effectuated via the Court's electronic filing system on all parties of record.

## V.   MOTION PRACTICE AND PROCEDURE

All summary judgment motions shall be filed in accordance with the Revised Asbestos Summary Judgment Motion Procedures, a copy of which is attached hereto. In addition, to prevent the filing of unnecessary motions, five (5) days prior to the deadline for filing summary judgment motions (or 85 days prior to jury selection) Plaintiffs' counsel are to serve upon all parties to a case, a 'Dismissal Letter' indicating all defendants which Plaintiff will voluntarily dismiss from that case.

All other motions, including motions for *forum non conveniens*, motions to amend complaints, motions to compel, motions to enforce settlements, etc., shall be filed in accordance with the Revised Mass Tort Motion Procedures, a copy of which is attached hereto.

## VI.   TRIAL SCHEDULING

The dates for all scheduled trials will be published each Monday in The *Legal Intelligencer.*

## VII.   DEADLINES FOR CASES THAT MOVE TO NEW TRIAL GROUPS

If any case is moved, with the consent of the Court, from its original trial group to a later trial group, all discovery and motions deadlines for the later group will apply. Any summary judgment motions filed prior to moving the case will be considered moot and must be re-filed in accordance with the deadlines for the group to which the case has been moved, except for cases where the motion deadline for the new group has already passed at the time the case is moved. For those cases, motions will remain open and need not be re-filed. Those motions remaining open shall be decided by the Coordinating Judge in accordance with the deadlines for the new group.

## VIII.   CALL OF THE LIST

A brief call of the asbestos list will be conducted every Monday at 11:00 a.m. The Court will conduct general asbestos business and call those cases listed for trial for the following month.Knowledgeable representatives of each party involved in the next month's scheduled trials shall attend.

A meeting of the Asbestos Kitchen Cabinet will be conducted on the first Monday of each month, following the call of the list.

## IX.   SANCTIONS

Failure to comply with any deadlines set forth in the Case Management Order may result in the imposition of appropriate sanctions, including dismissal.

BY THE COURT:

ARNOLD L. NEW
TEAM LEADER